JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 00799



| | |
|---|---|
| THINGCHARGER, INC. and <br> P3 INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> VIATEK CONSUMER PRODUCTS GROUP, INC., <br> VIATEK INTERNATIONAL, LLC, and <br> FOSHAN UM ELECTRONICS CO., LTD., <br><br> Defendants. | Case No. <br><br> **COMPLAINT** |

Plaintiffs Thingcharger, Inc. and P3 International Corp. assert the following as their complaint against defendants.

## The Parties

1. Plaintiff P3 International Corp. is a corporation organized and existing under the laws of the State of New York having its principal place of business at 132 Nassau Street, New York, New York ("P3").

2. Plaintiff Thingcharger, Inc. Is a corporation organized and existing under the laws of State of New York having its principal place of business at 1 Grandview Avenue, Cornwall-on-Hudson, New York, New York ("Thingcharger").

3. Upon information and belief, defendant Viatek Consumer Products Group, Inc. is a corporation organized and existing under the laws of the State of Florida having its principal office at 6011 Century Oaks Drive, Chattanooga, Tennessee ("Viatek CPG").

4. Upon information and belief, defendant Viatek International LLC is a limited liability company organized and existing under the laws of the State of Florida having its principal office at 6011 Century Oaks Drive, Chattanooga, Tennessee ("Viatek Int'l").

5. Upon information and belief, defendant Foshan UM Electronics Co., Ltd. is a company organized and existing under the laws of China having its principal office at Room 228, Daxan Business Plaza, Luopo Street, Panyu, Guanzhou, China ("Foshan").

### Jurisdiction and Venue

6. This is an action for infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, for trade dress infringement and false designation of origin under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and for unfair competition, misappropriation, and deceptive trade practices under the laws of the State of New York. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367, insofar as it arises under the laws of the United States and joins substantial claims of unfair competition and other related claims forming part of the same case or controversy, and under 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### Claim I
### Design Patent Infringement

7. This is a claim for infringement of a design patent in violation of 35 U.S.C. §§ 271 and 289.

8. Plaintiff Thingcharger is the owner of all right title and interest in United States Design Patent No. D700,892S for Auxiliary Port and Outlet Extender, issued March 11, 2014 to Thingcharger on assignment from its inventor, Seymour Segnit, a copy which is annexed as Exhibit A to this complaint ("the Segnit patent").

9. In September 2013, Thingcharger and its founder, Seymour Segnit, launched a product start-up funding campaign, first on the website thingcharger.com and then, beginning October 2013, on the crowd funding site indiegogo.com, for the promotion of a low profile

electrical outlet extender with ports for charging personal electronic devices such as cell phones, smart phones and tablets without a cable and leaving the extended outlet accessible. The thingCHARGER quickly became the most successful crowd funded mobile device accessory ever, raising nearly $650,000.00 by the end of the first Indiegogo campaign in January 2014 and over $700,000.00 in customer contributions to date, over 25 times the initial goal. The thingCHARGER has been promoted on Facebook and other social media, as well as the online advertising network, Taboola, and is the first product of its kind. Its design is unique in its low profile, both physically as a minimum dimension extending out from the wall, as well as visually in that it matches what it plugs into physically and covers visually. Its smooth and unintrusive lines, contours and silhouette blend seamlessly into the home or office wall environment, virtually invisible when viewed from the front, with a slim profile that means its visual impact is assimilated from all angles. The design is striking in its simplicity as promoted and at the point of sale, whether in a crowd funding campaign, internet promotion or displayed in a retail store.

10. Plaintiff P3 is the exclusive licensee of the Segnit patent and the exclusive distributor of the thingCHARGER for delivery to the Indiegogo campaign contributors as well as for distribution for sale to the general retail market.

11. Upon information and belief, defendants have manufactured or have had manufactured for them, have imported into the United States, have sold to or in privity with Telebrands Corp., and have promoted and advertised on viatekproducts.com, at the 2015 Consumer Electronics Show in Las Vegas, Nevada, on their Facebook page, on the web site buysocketdock.com and elsewhere, the SOCKET DOCK and the SOCKET GENIE, electrical outlet extenders with ports for charging personal electronic devices such as cell phones, smart phones and tablets without a cable and leaving the extended outlet accessible, which are copies or colorable imitations of the thingCHARGER and the design claimed and depicted in the Segnit patent, have advertised and offered those products for sale and have sold them throughout the United States and in this judicial district, all in direct competition with the

thingCHARGER.  The SOCKET DOCK, as advertised and sold on viatekproducts.com, buysocketdock.com and elsewhere, is depicted in the images annexed as <u>Exhibit B</u> to this Complaint.  The SOCKET GENIE, as sold, advertised and offered for sale with media depicting the SOCKET DOCK on viatekproducts.com, is depicted in <u>Exhibit C</u> annexed to this Complaint.

12. Defendants, by their promotion, advertising, depiction, importation, sale and offer for sale of the SOCKET DOCK outlet extension charging devices in the United States, have infringed the Segnit patent in violation of 35 U.S.C. §§ 271 and 289.

13. Defendants' infringement has been deliberate and willful, with full knowledge of the Segnit patent and in wrongful disregard of plaintiffs' rights thereunder.

14. Upon information and belief, defendants' infringement is ongoing and will continue unless enjoined by this Court.

15. Plaintiffs have been and will continue to be irreparably harmed by defendants' infringing acts, which cannot be remedied by monetary damages alone.

Claim II
<u>False Designation of Origin</u>

16. This is a claim for trade dress infringement, unfair competition and false designation of origin in violation of section 43(a) the Lanham Act, 15 U.S.C. § 1125(a).

17. Plaintiffs repeat and reallege the allegations made in paragraphs 1 through 15 of this Complaint as though fully set out here.

18. The thingCHARGER design constitutes a distinctive, minimalist trade dress comprised of the following decorative, non-functional design features:

    a. a rectangular frontal shape approximating the size and shape of a standard electrical wall outlet that, when viewed from the front, renders it nearly unnoticeable when plugged into a wall outlet;

    b. a slim profile creating a silhouette that aesthetically minimizes its visual impact from all angles;

4

      c.    minimal variation in direction and angle of its straight contour lines resulting in a smooth and uncomplicated silhouette;

      d.    a narrow, elongated slot at the top for insertion of, or having inserted therein with tip exposed, a vertically oriented ovoid cylindrical charging adaptor;

      e.    two electrical sockets vertically oriented on the front, and

      f.    a series of vertically oriented rectangular slots on the rear, each slot being integral with a curved indentation.

The thingCHARGER is depicted in the images annexed as <u>Exhibit D</u> to this Complaint.

    19.    The unique and pleasingly distinctive design of the thingCHARGER has been promoted by plaintiff Thingcharger since long prior to the acts of defendants complained of herein. The advertising and promotion of the thingCHARGER has consistently featured that design throughout the United States, during which time the design has become identified among consumers and in the trade with the exclusive source of the thingCHARGER and a symbol of valuable good will inuring exclusively to the benefit of Thingcharger and P3.

    20.    In the course of a little over a year, Thingcharger has raised funds of over $700,000.00 in the promotion of thingCHARGER outlet extensions since their introduction in September 2013. During this time, and long prior to defendants' acts alleged herein, the thingCHARGER design had come to be relied upon in the trade and among consumers as identifying the original outlet extension charging devices exclusively available from Thingcharger and distinguishing them from the goods of others as a trademark that represents and symbolizes a valuable business and good will belonging exclusively to Thingcharger.

    21.    Defendants are aware and, since long prior to the acts complained of herein, have been aware of the thingCHARGER trade dress design and the valuable good will represented and symbolized thereby.

    22.    Notwithstanding defendants' awareness and, indeed, because of their awareness, defendants embarked upon a deliberate and willful scheme to cause confusion

among consumers and the trade by adopting and using a confusingly similar imitation of the widely recognized thingCHARGER trade dress design as the product designation in connection with defendants' sale of their Socket Dock chargers, thereby falsely suggesting that their products are manufactured or sponsored by the exclusive source of the thingCHARGER for the purpose of unfairly competing with plaintiffs.

23. Defendants' advertising and sale of the SOCKET DOCK in direct competition with plaintiffs' thingCHARGER constitutes false designation of origin and/or false or misleading description or misrepresentation of fact, which is likely to cause confusion, to cause mistake or to deceive the relevant public as to the source, origin, sponsorship, quality and/or approval of defendants' goods in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendants' aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause great and irreparable injury to plaintiffs for which plaintiffs no adequate remedy at law. Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

### Claim III:
### Unfair Competition

25. This is a claim for unfair competition under New York common law.

26. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 24 above as though fully set out here.

27. Defendants were aware of plaintiffs' thingCHARGER and its distinctive design when they embarked upon their willful and deliberate scheme to cause confusion, mistake and to deceive in directly competing with plaintiffs in the marketing and sale of wall outlet extension chargers, willfully, in bad faith and without authorization, and have misappropriated plaintiffs' good will for their own benefit, with full knowledge of and in intentional disregard of plaintiffs' rights.

28.     Defendants, in furtherance of their unlawful scheme to defraud the trade and the public and to unfairly compete with plaintiffs, to pass-off their goods as those of plaintiffs and to wilfully deceive consumers, including plaintiffs' customers, through their misrepresentations and other acts complained of herein, intentionally caused confusion and misunderstandings among wholesalers, importers, mail order merchandisers, plaintiffs' customers and the public that defendants' Socket Dock is a genuine product of or sponsored by plaintiffs.

29.     Defendants' unauthorized misappropriation of the design and trade dress of plaintiffs' thingCHARGER and other aforesaid acts constitute copying, infringement and misappropriation of plaintiffs' rights and unfair competition under common law.

30.     Defendants' aforesaid acts of unfair competition have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.  Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

Claim IV:
Deceptive Trade Practices

31.     This is a claim for deceptive trade practices in violation of laws of the State of New York, N.Y.Gen.Bus.Law § 349.

32.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 30 above as though fully set out here.

33.     Defendants' aforesaid acts constitute deceptive trade practices within the State of New York and this judicial district in violation of section 349 of the General Business Law of the State of New York, N.Y.Gen.Bus.Law § 349.

34.     Defendants' deceptive acts have caused and will continue to cause great harm and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law and, unless such acts are restrained and enjoined by this Court, will continue to cause plaintiffs to suffer great harm and irreparable injury.

Claim V:
False and Misleading Advertising

35. This is a claim for false and misleading advertising in violation of N.Y.GEN.BUS.LAW § 350.

36. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 34 above as though fully set out here.

37. Defendants' aforesaid acts constitute false and misleading advertising within the State of New York and this judicial district in violation of section 350 of the General Business Law of the State of New York, N.Y.GEN.BUS.LAW § 350.

38. Defendants' false and deceptive advertising has caused and will continue to cause great harm and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law and, unless such acts are restrained and enjoined by this Court, will continue to cause plaintiffs to suffer great harm and irreparable injury.

Claim VI:
Unjust Enrichment

39. This is a claim for unjust enrichment under New York common law.

40. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 38 above as though fully set forth here.

41. Defendants benefitted financially and gained an unfair market advantage by their aforesaid wrongful acts of unfair competition and are therefore liable to plaintiffs in the amount and value of the benefits by which it was unjustly enriched.

WHEREFORE, plaintiffs pray that this Court enter judgment:

A. preliminarily and permanently enjoining defendants, their officers, directors, agents, employees, affiliates, and all those acting in concert or privity with any of them, from infringing the Segnit patent;

  B. awarding plaintiffs damages sufficient to compensate them for defendants' patent infringement, in no event less than the greater of a reasonable royalty for or the total profit from defendants' infringing sales, with interest and costs;

  C. awarding plaintiffs three times the amount of damages assessed, together with their attorneys' fees in prosecuting this action, pursuant to 35 U.S.C. §§ 284 and 285;

  D. preliminarily and permanently enjoining defendants, their officers, directors, agents, employees, affiliates, and all those acting in concert or privity with any of them, from advertising, promoting, importing, manufacturing, distributing, offering to sell and/or selling the Socket Dock or any product applying a colorable imitation of the design claimed and depicted in the Segnit patent;

  E. awarding plaintiffs damages sufficient to compensate them for defendants' unfair competition, false designations of origin, false and misleading descriptions, misrepresentations of fact, deceptive trade practices, false and misleading advertising, and the confusion and harm resulting therefrom;

  F. preliminarily and permanently enjoining defendants, their officers, directors, agents, employees, affiliates, and all those acting in concert or privity with any of them, from advertising, promoting, importing, manufacturing, distributing, offering to sell and/or selling the Socket Dock or any product the design of which is a copy or colorable imitation of the thingCHARGER trade dress or the Socket Dock or incorporating any design that is likely to cause confusion with the thingCHARGER as to source or as to sponsorship by either plaintiff;

  G. awarding plaintiffs the value of the benefits by which defendants were unjustly enriched; and

  H. awarding plaintiffs such other and further relief as this Court deems just and proper.

                                        THINGCHARGER, INC. and
                                        P3 INTERNATIONAL CORP.


New York, New York          By: _____
January 30, 2015                James A. Power Jr
                                Marguerite Del Valle
                                POWER DEL VALLE LLP
                                233 West 72nd Street
                                New York, New York 10023
                                212-877-0100
                                *jp@powerdel.com*